%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NIPENKUMAR VADALIA, general administrator and administrator ad prosequendum of estate of ARNISH NIPEN VADALIA, etc.

**(b)** County of Residence of First Listed Plaintiff **Barnea**

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

MICHAEL S. BERGER
ANDRES & BERGER, P.C.
264 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033

## DEFENDANTS
EYTAN R. BARNEA, M.D.; CAMCARE HEALTH CORP., ET AL.

County of Residence of First Listed Defendant **CAMDEN**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | **FEDERAL TAX SUITS** | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1346

Brief description of cause:
Medical Malpractice; Wrongful death of infant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE

DOCKET NUMBER

Explanation:

**DATE**
05/03/2010

**SIGNATURE OF ATTORNEY OF RECORD**
Michael S. Berger

Digitally signed by Michael S. Berger
DN: cn=Michael S. Berger, o, ou, email=mberger@andresberger.com, c=US
Date: 2010.05.03 10:42:27 -04'00'

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ 08033
(856) 795-1444
Attorneys for plaintiffs
MB 6260

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NIPENKUMAR VADALIA, general administrator and administrator ad prosequendum of the Estate of ARNISH NIPEN VADALIA, and NIPENKUMAR VADALIA and DISHA VADALIA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>EYTAN R. BARNEA M.D.; CAMCARE HEALTH CORPORATION; JOHN DOE #1-15 (fictitious); JANE ROE #1-15 (fictitious); and JOHN DOE EMPLOYERS #1-15 (fictitious), individually, jointly, severally, and/or in the alternative,<br><br>Defendants. | Civil Action no.<br><br><br><br><br><br>COMPLAINT |

Plaintiff(s), Nipenkumar Vadalia, general administrator and administrator *ad prosequendum* of the Estate of Arnish Nipen Vadalia, and Nipenkumar Vadalia and Disha Vadalia, parents of decedent, individually, citizens of the Republic of India, residing at Prayag B, 10th Floor, Behind Bahumadi Bhavan,

Gosaliya Marg, RADKOT 360002 (GUJARAT), India by way of complaint against the defendants, say:

JURISDICTION

1. At all times relevant hereto, plaintiffs Nipenkumar Vadalia and Disha Vadalia were citizens of the Republic of India, and maintained a temporary residence address at 390 Pavonia Circle, Township of Marlton, Burlington County, New Jersey.

2. At all times relevant hereto, defendant Eytan R. Barnea M.D. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at CamCare Health Center, 817 Federal Street, Camden, New Jersey.

3. At all times material to this Complaint, defendant CamCare Health Center was a professional association with offices located at 817 Federal Street, Camden, New Jersey. Defendant CamCare Health Corporation is a federally-supported health facility and deemed community health center under the Federal Tort Claims Act.

4. Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 1346(b), 2671-2680, as the exclusive remedy for injuries and death caused by employees of a deemed community health center. Defendant CamCare Health Corporation was deemed eligible for FTCA in 1996 and was eligible for FTCA coverage at the time of this incident. Jurisdiction is

further vested because defendant Barnea was an employee of CamCare Health Corporation and therefore covered under the FTCA at the time of the care and treatment at issue.

## VENUE

Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district.

## FIRST COUNT

1. Plaintiff Nipenkumar Vadalia is the natural father and general administrator and administrator *ad prosequendum* of the estate of Arnish Nipen Vadalia, deceased, and has no adverse interest whatsoever to the within action.

2. Plaintiff Disha Vadalia is the natural mother of decedent.

3. At all times relevant hereto, defendant Eytan R. Barnea M.D. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at CamCare Health Center, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

4. At all times material to this Complaint, defendant CamCare Health Center was a professional association existing under and/or in accordance with the laws of the State of New Jersey which was the employer and/or principal of defendant

Barnea and/or for whom defendant Barnea was acting as the agent, servant, and/or employee.

5. At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

6. At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

7. At all times material to this Complaint, defendants John Doe Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

8. On May 8, 2008, plaintiff's decedent Arnish Nipen Vadalia died as a result of the medical care and/or treatment provided by the aforementioned defendants, which care and/or treatment failed to comply with the applicable standards of care.

9. This action is commenced within two years of the date of death of plaintiff's decedent Arnish Nipen Vadalia.

WHEREFORE, plaintiffs demand judgment against defendants Eytan R. Barnea M.D.; CamCare Health Corporation; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## SECOND COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. In May of 2008 and on other dates prior thereto, defendant Eytan R. Barnea M.D. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Arnish Nipen Vadalia.

2. At the time and place aforesaid and at all times material hereto, defendant Eytan R. Barnea M.D. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3. As a direct and proximate result of the negligence of defendant Eytan R. Barnea M.D. as hereinbefore set forth,

plaintiff's decedent was allowed to suffer injuries leading to his death on May 8, 2008.

WHEREFORE, plaintiff demands judgment against defendant Eytan R. Barnea M.D. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## THIRD COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Barnea and/or John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant CamCare Health Corporation.

2. Defendant CamCare Health Corporation is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendant CamCare Health Corporation for plaintiff's pain, suffering, and

expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FOURTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer injuries leading to his death on May 8, 2008.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses

under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FIFTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2. At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3. As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer injuries leading to his death on May 8, 2008.

WHEREFORE, plaintiff demands judgment against defendants Jane Roes #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses

under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SIXTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Barnea and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant John Doe Employers #1-15 and/or each of them.

2. Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the

laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### SEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. Plaintiff Nipenkumar Vadalia is the natural father of decedent.

2. Plaintiff Disha Vadalia is the natural mother of decedent.

3. At the relevant time an place, plaintiffs learned that the defendant(s) were negligent in their care and treatment of Arnish Nipen Vadalia, deceased.

4. As a direct and proximate cause of the negligence of defendant(s) aforesaid, plaintiffs have suffered and continues to suffer severe emotional distress.

WHEREFORE, plaintiffs demand judgment against defendants Eytan R. Barnea M.D.; CamCare Health Corporation; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages

recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### EIGHTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiffs demand judgment against defendants Eytan R. Barnea M.D.; CamCare Health Corporation; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By /s/ MICHAEL S. BERGER

DATED: May 3, 2010