ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ   08033
(856) 795-1444
Attorneys for plaintiffs
MB 6260

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
HONORABLE JOSEPH H. RODRIGUEZ
CAMDEN VICINAGE

| | |
|---|---|
| NIPENKUMAR VADALIA, general administrator and administrator ad prosequendum of the Estate of ARNISH NIPEN VADALIA, and NIPENKUMAR VADALIA and DISHA VADALIA, individually, | : Civil Action no.<br>: 1:10-cv-02255-JHR-JS<br>:<br>:<br>:<br>:<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| THE UNITED STATES OF AMERICA; JOHN DOE #1-15 (fictitious); JANE ROE #1-15 (fictitious); and JOHN DOE EMPLOYERS #1-15 (fictitious), individually, jointly, severally, and/or in the alternative, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## FIRST AMENDED COMPLAINT

Plaintiff(s), Nipenkumar Vadalia, general administrator and administrator *ad prosequendum* of the Estate of Arnish Nipen Vadalia, and Nipenkumar Vadalia and Disha Vadalia, parents of

decedent, individually, citizens of the Republic of India, residing at Prayag B, 10th Floor, Behind Bahumadi Bhavan, Gosaliya Marg, RADKOT 360002 (GUJARAT), India by way of complaint against the defendants, say:

JURISDICTION

1.    At all times relevant hereto, plaintiffs Nipenkumar Vadalia and Disha Vadalia were citizens of the Republic of India, and maintained a temporary residence address at 390 Pavonia Circle, Township of Marlton, Burlington County, New Jersey.

2.    At all times relevant hereto, Eytan R. Barnea M.D. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at CamCare Health Center, 817 Federal Street, Camden, New Jersey.  The United States of America is substituted as the defendant for the actions and/or inactions of Dr. Barnea.

3.    At all times material to this Complaint, CamCare Health Center was a professional association with offices located at 817 Federal Street, Camden, New Jersey.  CamCare Health Corporation is a federally-supported health facility and deemed community health center under the Federal Tort Claims Act.  The United States of America is substituted as the defendant for the actions and/or inactions of CamCare Health Corporation.

4.    Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to the

Federal Tort Claims Act, 28 U.S.C. Section 1346(b), 2671-2680, as the exclusive remedy for injuries and death caused by employees of a deemed community health center.  CamCare Health Corporation was deemed eligible for FTCA in 1996 and was eligible for FTCA coverage at the time of this incident.  Jurisdiction is further vested because Dr. Barnea was an employee of CamCare Health Corporation and therefore covered under the FTCA at the time of the care and treatment at issue.

<u>VENUE</u>

Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district.

<u>FIRST COUNT</u>

1.  Plaintiff Nipenkumar Vadalia is the natural father and general administrator and administrator *ad prosequendum* of the estate of Arnish Nipen Vadalia, deceased, and has no adverse interest whatsoever to the within action.

2.  Plaintiff Disha Vadalia is the natural mother of decedent.

3.  At all times relevant hereto, Eytan R. Barnea M.D. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at CamCare Health Center, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.  The United States of

-3-

America is responsible for the actions and/or inactions of its representative, Dr. Barnea.

4.   At all times material to this Complaint, CamCare Health Center was a professional association existing under and/or in accordance with the laws of the State of New Jersey which was the employer and/or principal of Dr. Barnea and/or for whom Dr. Barnea was acting as the agent, servant, and/or employee.   The United States of America is responsible for the actions and/or inactions of CamCare Health Center.

5.   At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

6.   At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

7.   At all times material to this Complaint, defendants John Doe Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants

-4-

herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

8. On May 8, 2008, plaintiff's decedent Arnish Nipen Vadalia died as a result of the medical care and/or treatment provided by the aforementioned defendants, which care and/or treatment failed to comply with the applicable standards of care.

9. This action is commenced within two years of the date of death of plaintiff's decedent Arnish Nipen Vadalia.

WHEREFORE, plaintiffs demand judgment against defendants The United States of America; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SECOND COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. In May of 2008 and on other dates prior thereto, Eytan R. Barnea M.D. undertook and/or otherwise assisted in the

diagnosis and/or treatment and/or care of plaintiff's decedent Arnish Nipen Vadalia.

2. At the time and place aforesaid and at all times material hereto, Eytan R. Barnea M.D. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3. As a direct and proximate result of the negligence of Eytan R. Barnea M.D. as hereinbefore set forth, plaintiff's decedent was allowed to suffer injuries leading to his death on May 8, 2008. The United States of America is substituted as the defendant for the actions and/or inactions of Dr. Barnea.

WHEREFORE, plaintiff demands judgment against defendant The United States of America for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

THIRD COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, Dr. Barnea and/or John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them

were acting as the agents, servants, and/or employees of CamCare Health Corporation.

2. CamCare Health Corporation is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent. The United States of America is substituted as the defendant for the actions and/or inactions of CamCare Health Corporation.

WHEREFORE, plaintiff demands judgment against defendant The United States of America for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FOURTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.   At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer injuries leading to his death on May 8, 2008.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FIFTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.   At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer injuries leading to his death on May 8, 2008.

WHEREFORE, plaintiff demands judgment against defendants Jane Roes #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq*. (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## SIXTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times material hereto, Dr. Barnea and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting as the agents,

-9-

servants, and/or employees of defendant John Doe Employers #1-15 and/or each of them.

2.    Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.    Plaintiff Nipenkumar Vadalia is the natural father of decedent.

2.    Plaintiff Disha Vadalia is the natural mother of decedent.

3.   At the relevant time an place, plaintiffs learned
that the defendant(s) were negligent in their care and treatment
of Arnish Nipen Vadalia, deceased.

4.   As a direct and proximate cause of the negligence
of defendant(s) aforesaid, plaintiffs have suffered and continues
to suffer damages permitted under law.

WHEREFORE, plaintiffs demand judgment against
defendants The United States of America; John Does #1-15
(fictitious names); Jane Roes #1-15 (fictitious names); and John
Doe Employers #1-15 (fictitious names); individually, jointly,
severally, and/or in the alternative, for pain, suffering, and
expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and
damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any
successor statute) and/or other damages recoverable under the
laws of this state and the Federal Tort Claims Act together with
interest, counsel fees, costs of suit, and such other relief
which the Court deems equitable and just.

### EIGHTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiffs demand judgment against defend-
ants The United States of America; John Does #1-15 (fictitious
names); Jane Roes #1-15 (fictitious names); and John Doe
Employers #1-15 (fictitious names); individually, jointly,

-11-

severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By _____
MICHAEL S. BERGER

DATED: July 23, 2010

In re Arnish Nipen Vadalia

AFFIDAVIT OF MERIT

STATE OF NEW JERSEY :
                          ss.
COUNTY OF ESSEX     :

Richard L. Luciani M.D., of ·full age, being duly sworn according to law, upon his oath, deposes and says:

1.  I am a licensed physician in the State of New Jersey and have been board-certified and/or have practiced for at least five years in the field or specialty of obstetrics and gynecology.

2.  In my opinion, there exists a reasonable probability that the care, skill, and knowledge exercised by Eytan R. Barnea M.D. and Camcare Health Corporation fell outside of acceptable professional standards and practices in the diagnosis and/or treatment and/or care of Arnish Nipen Vadalia.

3.  I have no financial interest in the outcome of this litigation.

4.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
Richard L. Luciani M.D.

Sworn and subscribed to
before me, this 6th
day of May , 2010.

_____

CATHY A. MASIELLO
A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 26, 2010

NOTICE

If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit statute in any way, demand is hereby made that defendant immediately notify plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of *N.J.S.A.* 2A:53A-26, *et seq.*